**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

|                                                                 |   |                                         |
|-----------------------------------------------------------------|---|-----------------------------------------|
| KEVIN B. RIORDAN and KEVIN RIORDAN, as legal guardian of A.R.,  | : |                                         |
|                                                                 | : |                                         |
| Plaintiffs,                                                     | : |                                         |
| v.                                                              | : | Civil Action No. 3:17-cv-6472-BRM-TJB   |
|                                                                 | : |                                         |
| OPTUM and OXFORD HEALTH PLAN, also known as UNITED HEALTHCARE,  | : |                                         |
|                                                                 | : | **OPINION**                             |
| Defendants.                                                     | : |                                         |

---

MARTINOTTI, DISTRICT JUDGE

Before this Court is Defendants Optum and Oxford Health Plan's ("Oxford") (together "Defendants") Motion to Dismiss.[1] (ECF No. 6.)  Plaintiffs Kevin B. Riordan and Kevin Riordan, as legal guardians of A.R. ("Plaintiffs"), oppose the Motion. (ECF No. 12) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' Motion is **GRANTED**.

I. **BACKGROUND**

For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,*

---

[1] Plaintiffs make no distinction between Optum and Oxford in the Complaint, but instead refer to them collectively as Defendants, and allege they contract with both of them for a health insurance coverage plan. (Compl. (ECF No. 1, Ex. A).)

114 F.3d 1410, 1426 (3d Cir. 1997). The central dispute in this matter is whether Plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001(a)(1)(B), et seq. ("ERISA").

For many years, Plaintiffs were members of a healthcare plan administered by Defendants. (ECF No. 1, Ex. A ¶ 2.) During that time, Plaintiffs were treated by chiropractor Terrence Coleman, D.C., and submitted claims for that care to Defendants, which were paid. (*Id.* ¶ 3.) However, beginning on January 1, 2014, Plaintiffs allege Defendants denied coverage for claims submitted with respect to services provided by Dr. Coleman. (*Id.* ¶ 4.) Plaintiffs appealed the denial of benefits and, as a result, Defendants "corrected the error" and Plaintiffs' issues were resolved. (*Id.* ¶¶ 5-6.) Therefore, Plaintiffs continued receiving chiropractic care. (*Id.* ¶ 7.)

However, again, in January 2017, Plaintiffs were denied coverage for medical treatment provided by Dr. Coleman ("2017 denials"). (*Id.* ¶ 8.) Plaintiffs allege that

> [a]lthough [they] have had the same coverage since 2010, Defendants denied coverage claiming that the plan type had changed from "PPO" to "POS", or that the treatment was not medically necessary, or that pre-certification was needed, or that Plaintiffs were "out of authorization" and other explanations as to why the chiropractic case was not paid for from January 1, 2017 through April 30, 2017.

(*Id.* ¶ 9.) Plaintiffs also contested the 2017 denials. Therefore, Defendants agreed to "provide the benefits for the chiropractic care and authorized 3 more visits." (*Id.* ¶ 10.)

"As a result of the foregoing, Plaintiffs changed insurance companies" and filed this suit on June 27, 2017, in the Superior Court of New Jersey Law Division, Ocean County. (*Id.* ¶ 12.) The Court construes the Complaint to allege claims for: (1) breach of contract; (2) breach of the implied duty to act in good faith; (3) negligence or professional malpractice claim alleging that Defendants "failed to perform its duties" in processing Plaintiffs' benefits "in accordance with the

2

standards of acceptable conduct for its declared profession"; and (4) violation of New Jersey's Consumer Fraud Act ("NJCFA"). (ECF No. 1, Ex. A.) On August 28, 2017, Defendants removed the matter to this Court. (ECF No. 1.) On October 30, 2017, Defendants filed a Motion to Dismiss. (ECF No. 6.) Plaintiffs oppose the Motion. (ECF No. 12.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not

required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

## III. DECISION

### A. Preemption

Defendants argue Plaintiffs' state law claims are preempted by ERISA and therefore, should be dismissed. (ECF No. 6-1.) Plaintiffs' two-page opposition merely alleges "[t]he complaint is not *simply for benefits*; the complaint alleges actionable fraud in the way the plan was administered." (ECF No. 12 at 2 (emphasis added).)

"Congress enacted ERISA to ensure that employees would receive the benefits they had earned, but Congress did not require employers to establish benefit plans in the first place."

*Conkright v. Frommert*, 559 U.S. 506, 516 (2010) (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)). The Supreme Court has "recognized that ERISA represents a careful balancing between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans." *Id.* (citations omitted). It has further recognized "Congress sought to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." *Id.* (citations omitted). ERISA "induc[es] employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has interpreted "relate to" broadly, stating, "the phrase 'relate to' [is] given its broad commonsense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987); *see Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (concluding that Congress had "expressly included a broadly worded preemption provision in a comprehensive statute such as ERISA," based on Congress's use of "the words 'relate to' Congress used those words in their broad sense, rejecting more limited preemption language that would have made the clause applicable only to state laws relating to the specific subjects covered by ERISA") (citations omitted).

"The Supreme Court has broadly interpreted the ERISA preemption clause, finding that a law 'relates to' a benefit plan 'if it has a connection with or reference to such a plan.'" *Estate of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 466 (D.N.J. 2015) (quoting *Shaw v. Delta*

*Air Lines, Inc.*, 463 U.S. 85, 96 (1983)). "A state law cause of action 'relates to' an employee benefits plan if, without the plan, there would be no cause of action." *Id.*; *Our Lady of Lourdes Health Sys. v. MHI Hotels, Inc. Health & Welfare Fund*, 2009 WL 4510130, at *3 (D.N.J. Dec. 1, 2009) (holding that state law claims were preempted by ERISA because "the existence of the plan was essential to the suit and the courts would have been required to look to those plans to resolve the dispute"). "If a claim 'relates to' a benefit plan, the claim is completely preempted when (1) the plaintiff could have brought the action under § 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claim." *Khan v. Guardian Life Ins. Co. of Am.*, No. 16-253, 2016 WL 1574611, at *2 (D.N.J. Apr. 19, 2016) (citing *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). In other words, "where the plaintiff's claim rests on an independent legal duty, not arising from the ERISA Plan, the claim may be brought." *Grimes v. Prudential Fin., Inc.*, No. 09-419, 2010 WL 2667424, at *17 (D.N.J. June 29, 2010). A legal duty is "independent" if it "would exist whether or not an ERISA plan existed." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009).

In *Pryzbowski v. U.S. Healthcare Inc.*, 245 F.3d 266 (3d Cir. 2001), the Third Circuit created a framework for determining whether a case was "related to" an employee benefit plan and was therefore preempted under ERISA. In that case, the Third Circuit separated cases into two categories: "whether the claim challenges the administration of or eligibility for benefits, which falls within the scope of 502(a) and is completely preempted, or the quality of the medical treatment performed, which may be the subject of a state action." *Id.* at 273.

"State law claims relating to an employment plan are preempted by ERISA even if there is no corresponding federal remedy under the statute." *Estate of Jennings*, 126 F. Supp. 3d at 466-67. Courts have found that state law breach of contract, bad faith, negligence, intentional infliction

of emotional distress, and the New Jersey Consumer Fraud Act claims are preempted by ERISA if the claims relate to an ERISA-governed benefits plan. *See Pilot Life Ins. Co.*, 481 U.S. at 54-57 (holding that state law tort of bad-faith claim denial was preempted under ERISA); *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 294-96 (3d Cir. 2014) (holding that ERISA expressly preempts claims for common law fraud, misrepresentation, and violation of the NJCFA); *Early v. United States Life Ins. Co.*, 222 F. Appx. 149, 151-52 (3d Cir. 2007) ("State law claims of bad faith and breach of contract . . . ordinarily fall within the scope of ERISA preemption[ ] if such claims relate to an ERISA-governed benefits plan."); *Pryzbowski*, 245 F.3d at 278 (finding that claims against insurance companies for denial of benefits, "even when the claim is couched in terms of common law negligence or breach of contract," are preempted). In sum, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Here, all of Plaintiffs' state law claims arise out of Defendants' alleged wrongful denial of benefits promised under an ERISA-regulated plan. The crux of Plaintiffs' claims are that they were entitled to certain benefits and that Defendants wrongly denied those benefits resulting in: (1) a breach of contract; (2) a breach of the implied duty to act in good faith; (3) negligence or professional malpractice; and (4) in a violation of the NJCFA. As such, Plaintiffs' claims "relate to" an ERISA-regulated plan because, if there were no plan, there would be no alleged causes of action. It is impossible to determine the merits of Plaintiffs' claims without diving into the provisions of their ERISA-governed plans. Second, Plaintiffs have not alleged, in their Complaint or Opposition, that Defendants owe them any independent legal duty outside its obligations as described in the ERISA-regulated Plan. The only contract or obligation referenced in the

Complaint is Plaintiffs' plan, and obligations arising from the plan. Therefore, Plaintiffs' claims, which, as demonstrated above, are all state law claims that courts have previously found to be preempted by ERISA, fall within the scope of ERISA and are preempted. Accordingly, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Complaint is **DISMISSED without prejudice**. Because the Court finds all state law claims are preempted by ERISA, it need not analyze the merits of those claims.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.


Date: June 25, 2018                     */s/ Brian R. Martinotti*_____
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**